# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

September 15, 2017

## LETTER ORDER

**Re:** *Pinckney v. Essex Probation Child Support Unit, et al.*
<u>Civil Action No. 17-3794 (ES) (MAH)</u>

Dear Litigant:

On September 8, 2017, the Clerk of Court entered default against Defendants Donald Kessler and the Essex County Family Court. (*See* Docket Entry Nos. 14 & 17). The Court recognizes that Plaintiff is a *pro se* litigant. Below, however, the Court sets forth the various factors that must be addressed in support of a motion for default judgment. To be sure, the Court notes that a variation of this Letter Order—which sets forth the factors below—is posted in every case pending before the Undersigned if the Clerk of Court enters default.

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

Further, "[b]efore granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

"A court does not accept as true allegations pertaining to the amount of damages." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (citation omitted). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the

court ensures that there is a basis for the damages specified in the default judgment." *Id.* (quotation marks and textual modifications omitted).

In view of the foregoing, the pending motions for default judgment (D.E. Nos. 15 & 18) are **DENIED** *without prejudice* to Plaintiff re-filing any such motion(s). If filing a motion for default judgment, the Court hereby orders Plaintiff to submit a letter-brief—which addresses each of the above factors—along with any materials in support of the default judgment motion. Again, the Court recognizes that Plaintiff is a *pro se* litigant. Accordingly, the Court directs Plaintiff to this District's website if further guidance is needed (http://www.njd.uscourts.gov/filing-without-attorney).

For administrative purposes only, the Clerk of Court shall TERMINATE Docket Entry Nos. 15 and 18. Further, the Clerk of Court shall cause this Letter Order to be transmitted to Plaintiff.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**