UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

March 1, 2018

# LETTER ORDER

Re: *Pinckney v. Essex Probation Child Support Unit, et al.*
<u>Civil Action No. 17-3794 (ES) (MAH)</u>

Dear Litigants:

The Court issues this Letter Order in an effort to manage and control its docket. *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985); *see also United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases."); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (stating that "matters of docket control . . . are committed to the sound discretion of the district court").

Further, the Court notes that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

With these precepts in mind, the Court briefly recounts key filings in this action:

- <u>July 10, 2017</u>: *pro se* Plaintiff files the operative complaint (D.E. No. 5), as well as a motion for summary judgment (D.E. No. 6);

- <u>September 21, 2017</u>: the Undersigned denies Plaintiff's motion for summary judgment *without prejudice* pursuant to Federal Rule of Civil Procedure 56(b), as well as this District's Local Civil Rules and this Court's "General Pretrial and Trial Procedures" (*see* D.E. No. 21);

- <u>October 16, 2017</u>: the Hon. Michael A. Hammer, U.S.M.J., grants Defendants' motions to vacate the Clerk of Court's entry of default that was previously entered against each Defendant (*see* D.E. No. 26);

- <u>October 18, 2017</u>: the Undersigned denies *without prejudice* Plaintiff's motions for default judgment because entry of default against Defendants was vacated by Magistrate Judge Hammer (*see* D.E. No. 27);

1

- October 25, 2017: the Court receives a submission—docketed as a motion for reconsideration (**currently pending**)—from Plaintiff that appears to raise issues with how the parties are litigating this case and, in particular, seeking vacatur of this Court's October 18, 2017 Letter Order that denied Plaintiff's motions for default judgment (*see* D.E. No. 29)[1];

- November 2, 2017: Plaintiff files a second motion for summary judgment (**currently pending**) (D.E. No. 30);

- November 30, 2017: Defendants file a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (**currently pending**) (D.E. No. 31);

- February 27, 2018: Magistrate Judge Hammer grants Defendants' request for a stay of discovery in light of the pending Defendants' motion to dismiss (D.E. No. 40).

First, to the extent Plaintiff seeks reconsideration of the Court's October 18, 2017 Letter Order denying Plaintiff's motion for default judgment (*see* D.E. No. 29), that request is DENIED. Plaintiff's motion neither identifies a change in the controlling law, highlights the availability of previously unavailable evidence, nor explains the need to correct an obvious legal error to prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks and citations omitted). The Court is unable to decipher any other relief that Plaintiff may be seeking. **The Clerk of Court shall terminate Docket Entry No. 29**.

Second, the Court DENIES Plaintiff's motion for summary judgment (D.E. No. 30) *without prejudice* and with leave to re-file for the reasons set forth in the Court's previous Letter Order denying Plaintiff's first motion for summary judgment. (*See* D.E. No. 21). To reiterate, however, Federal Rule of Civil Procedure 56 provides, in relevant part, that: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). As the litigants know, discovery has been stayed in this case pending adjudication of Defendants' motion to dismiss (*see* D.E. Nos. 31 & 40). **The Clerk of Court shall terminate Docket Entry No. 30**.

As such, what is pending before the Court is Defendants' motion to dismiss, which Plaintiff has purportedly opposed. (*See* D.E. Nos. 31, 33 & 34). The Court will issue a ruling on that motion in due course.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] (*See, e.g.*, D.E. No 29 at 1 (requesting "to alter" the Court's October 18, 2017 order); *id.* at 3 ("there seems to be a sequencing problem")).