**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVID PINCKNEY,** | : |
| Plaintiff, | : Civil Action No. 17-3794 (ES) (MAH) |
| v. | : MEMORANDUM |
| **ESSEX COUNTY FAMILY COURT** and **JUDGE DONALD KESSLER,** | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

1. *Pro se* Plaintiff David Pinckney alleges that Defendants New Jersey Superior Court, Essex Vicinage, Family Division ("Family Court") and the Hon. Donald H. Kessler, J.S.C. ("Judge Kessler") (together, "Defendants") violated Plaintiff's constitutional rights when Judge Kessler entered orders in the Family Court changing Plaintiff's child-custody status from joint-custody to non-custodial parent and requiring Plaintiff to pay "significant" child support. (*See* D.E. No. 5, Am. Compl. at 3-4). Specifically, Plaintiff alleges that the Family Court "lists [him] as a custodial parent but enforces as a non-custodial parent and has confiscated a significant amount of [his] property." (*Id.* at 3). Plaintiff claims Defendants violated his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights. (*Id.* at 2).

2. Defendants moved to dismiss Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* D.E. No. 31). They advance three primary arguments. (*See* D.E. No. 31-3 ("Def. Br.")). *First*, Defendants argue they are entitled to immunity under the Eleventh Amendment, barring Plaintiff's claims under Rule 12(b)(1). (*See id.* at 9-13). *Second*, Defendants argue Judge Kessler is entitled to absolute judicial immunity, barring

Plaintiff's claims against His Honor under Rule 12(b)(6). (*See id.* at 13-17). *Third*, Defendants argue the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, barring Plaintiff's claims under Rule 12(b)(1). (*See id.* at 17-20). Plaintiff filed opposition generally contending that his constitutional claims establish federal subject-matter jurisdiction. The Court will address each argument below.

3. The relevant legal standards are as follows. Rule 12(b)(1) governs jurisdictional challenges to a complaint. A party bringing a motion under Rule 12(b)(1) may assert either a "facial or factual challenge to the court's subject matter jurisdiction." *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a facial challenge, the moving party "challenges subject matter jurisdiction without disputing the facts alleged in the complaint," and courts "consider the allegations of the complaint as true." *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). In a factual challenge, the moving party "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts." *Id.* (cleaned up). A factual challenge allows courts to "weigh and consider evidence outside the pleadings." *Id.*

4. Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Id.* (quoting *Twombly*, 550 U.S. at 557). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Finally, courts must liberally construe pleadings filed by *pro se* litigants. *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011).

5. *First*, the Court finds that Defendants are entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment protects states as well as their agencies and departments from suit in federal court." *Jones v. Justice of Peace Court # 3*, 714 F. App'x 119, 120 (3d Cir. 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). State officials sued in their official capacity are also protected, as "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* Plaintiff's constitutional claims against Defendants are therefore barred.

6. *Second*, to the extent Plaintiff intended to impose individual liability on Judge Kessler, the Court finds that Judge Kessler is entitled to absolute judicial immunity. "[I]t is well established that judges are immune from suit under § 1983 for actions arising from their judicial acts." *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all

jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation and internal quotation marks omitted). Here, Plaintiff's allegations are based only on Judge Kessler's official acts in connection with Plaintiff's proceedings in Family Court. "As to those, [Judge Kessler] enjoys absolute immunity." *See Dickerson v. Wells Fargo Bank*, No. 15-3747, 2016 WL 820989, at *4 (D.N.J. Mar. 2, 2016). Plaintiff's claims against Judge Kessler are therefore barred.

7. *Third*, the Court finds that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006). As the Supreme Court has explained, the doctrine's scope "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Plaintiff is complaining about injuries stemming from "multiple" state court orders. (*See* Am. Compl. at 3). And Plaintiff's requested relief seeks district court review and rejection of those orders. (*See id.* at 4). For these reasons, Plaintiff's claims are barred.

8. *Finally*, because Defendants are immune from suit, amendment of Plaintiff's Amended Complaint would be futile." *See Reardon v. New Jersey*, No. 13-5363, 2014 WL 2921030, at *3 & n.3 (D.N.J. June 27, 2014) (finding amendment futile where plaintiff's claims were barred by sovereign immunity, judicial immunity, and the *Rooker-Feldman* doctrine). An appropriate Order accompanies this Memorandum.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
